**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHRISTOPHER ALLEN VALDEZ, | ) | No. CV 08-304-PHX-SMM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PHOENIX, et. al., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Motion to Reopen Case and Motion to Amend Complaint (Doc. 13).

Adopting a Report and Recommendation by Magistrate Judge Hector C. Estrada (Doc. 7), the Court had previously dismissed this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute (Doc. 10, Order dated June 6, 2008). Plaintiff had failed to file a Notice of Change of Address with the Court or any other document notifying the Court of his whereabouts. Indeed, Plaintiff had not filed any documents in the present case other than his Complaint, filed on February 15, 2008. Now Plaintiff, appearing *pro se*, has filed a Motion to Reopen his case.

Mindful of its duty to construe *pro se* pleadings liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the Court construes Plaintiff's Motion to Reopen as a Rule 60(b) motion for relief from the judgment entered on June 6, 2008. However, Plaintiff has not shown that he is entitled to relief pursuant to Rule 60(b).

       Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

       Plaintiff requests that his case be reopened due to new facts that were not previously known to him. Plaintiff also requests leave to file an amended complaint to include new claims of discrimination and harassment, and a new defendant, Matt Hammas. Plaintiff's motion will be denied for several reasons. First, the grounds asserted by Plaintiff for reopening the case have nothing to do with the reasons for the Court's initial dismissal. Plaintiff's case was dismissed for failure to prosecute because Plaintiff failed to keep the Court apprised of his current mailing address, despite several warnings by the Court. Second, after Plaintiff filed the instant Motion to Reopen Case in December 2008, he filed a new civil rights complaint in February 2009 asserting the same claims as in this case, along with some additional claims (Case 09-CV-376-PHX-SMM). Plaintiff incorporated the supposed new facts into this new complaint, and named Matt Hammas among the defendants. The Court finds that this action will allow Plaintiff to seek relief on his claims against the Phoenix Police Department. In order to avoid duplicative cases proceeding in this Court, the Court will deny the present Motion to Reopen Case.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Reopen Case and Motion to Amend Complaint (Doc. 13).

DATED this 1st day of April, 2009.

*[signature]*

Stephen M. McNamee
United States District Judge